UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN MEDICAL CENTER, et al.,<br><br>        Defendants. | 1:23-cv-01344-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**21-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Charles Ellis is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.    RELEVANT BACKGROUND

Plaintiff filed his complaint on September 11, 2023. (Doc. 1.)

On January 16, 2024, this Court issued its First Screening Order. (Doc. 6.) The Court found the complaint fails to state a claim upon which relief can be granted. (*Id*. at 4-12.) Plaintiff was granted leave to file a first amended complaint, curing the deficiencies identified in the order, or, alternatively, a notice of voluntary dismissal, within 21 days. (*Id.* at 12-13.) Plaintiff has failed to file a first amended complaint or a notice of voluntary dismissal, and the time for doing so has now passed.

//

1

## II. DISCUSSION

### A. Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Plaintiff has failed to file a first amended complaint, or notice of voluntary dismissal, as directed in the screening order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's January 16, 2024, screening order provided Plaintiff with 21 days within which to file a first amended complaint or a notice of voluntary dismissal. Although

2

1  more than 21 days have passed, Plaintiff has failed to comply with the Court's order. His inaction

2  amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury.

3  Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal.

4  *Carey*, 856 F.2d at 1440.

5        The fourth factor usually weighs against dismissal because public policy favors

6  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

7  "this factor lends little support to a party whose responsibility it is to move a case toward

8  disposition on the merits but whose conduct impedes progress in that direction." *In re*

9  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

10 (citation omitted). By failing to file a first amended complaint or a notice of voluntary dismissal,

11 or to otherwise contact the Court, Plaintiff is not moving this case forward and is impeding its

12 progress. Thus, the fourth factor—the public policy favoring disposition of cases on their

13 merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

14       Finally, the Court's warning to a party that failure to obey the court's order will result in

15 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

16 Here, the Court's screening order warned: "**If Plaintiff fails to comply with this order, the**

17 **Court will recommend that this action be dismissed, without prejudice, for failure to obey a**

18 **court order and for failure to prosecute**." (Doc. 6 at 13.) Additionally, in the Court's First

19 Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued September 11, 2023,

20 Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this

21 Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United

22 States District Court, Eastern District of California ("Local Rules"), as modified by this Order.

23 Failure to so comply will be grounds for imposition of sanctions which may include dismissal of

24 the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) Thus, Plaintiff had adequate

25 warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the

26 availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

27       In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed

28 to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is

inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.     CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 20, 2024**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

4