1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES ELLIS,                         1:23-cv-01344-NODJ-SKO (PC)

12                    Plaintiff,            **ORDER VACATING FINDINGS AND
                                            RECOMMENDATIONS TO DISMISS**
13         v.                               **THIS ACTION FOR PLAINTIFF'S
                                            FAILURE TO OBEY COURT ORDERS**
14   KERN MEDICAL CENTER, et al.,           **AND FAILURE TO PROSECUTE**

15                    Defendants.           (Doc. 8)

16                                          **ORDER GRANTING PLAINTIFF'S
                                            REQUEST FOR AN EXTENSION OF**
17                                          **TIME WITHIN WHICH TO COMPLY
                                            WITH THE FIRST SCREENING ORDER**
18
                                            **ORDER DENYING PLAINTIFF'S
                                            REQUEST TO APPOINT COUNSEL**
19
                                            (Doc. 9)
20

21

22         Plaintiff Charles Ellis is proceeding pro se and *in forma pauperis* in this civil rights action

23   pursuant to 42 U.S.C. § 1983.

24         **I.      RELEVANT BACKGROUND**

25         Plaintiff filed his complaint on September 11, 2023. (Doc. 1.)  On January 16, 2024, the

26   Court issued its First Screening Order. (Doc. 6.) The Court found the complaint fails to state a

27   claim upon which relief can be granted. (*Id*. at 4-12.) Plaintiff was granted leave to file a first

28   amended complaint, curing the deficiencies identified in the order, or, alternatively, a notice of

                                              1

1   voluntary dismissal, within 21 days. (*Id.* at 12-13.)

2         On February 21, 2024, after more than 21 days passed without Plaintiff having filed a first

3   amended complaint or a notice of voluntary dismissal, the Court issued Findings and

4   Recommendations to dismiss the action for Plaintiff's failure to comply with the Court's

5   screening order and failure to prosecute. (Doc. 8.)

6         On March 11, 2024, Plaintiff filed a document titled "Motion: Requesting Time

7   Extension, and Consideration for Counsel at This Time Be Appointed." (Doc. 9.) The Court

8   construes this filing to be objections to the Court's findings, a request for an extension of time to

9   respond to the Court's screening order, and a request for the appointment of counsel.

10       **II.**     **DISCUSSION**

11             Plaintiff's Objections

12         Plaintiff contends he did not receive the Court's First Screening Order. (Doc. 9 at 1-3.)

13   Plaintiff asserts his legal mail is being withheld "or thrown away" in retaliation for his filing

14   several lawsuits in this Court involving officials at the Kern County jail where he is presently

15   incarcerated. (*Id.* at 3-5.) He asks the Court to "resend" the screening order. (*Id.* at 1.)

16         The Court will vacate its Findings and Recommendations and will direct the Clerk of the

17   Court to provide Plaintiff with a copy of the First Screening Order as a one-time courtesy.

18             Plaintiff's Request for an Extension of Time

19         Plaintiff requests an extension of time to respond to the screening order. (Doc. 9 at 1.) He

20   asserts it was never his intention to "waste the Court's time, or 'lollygag' around." (*Id.*)

21         Plaintiff will be granted 21 days from the date of service of this order within which to

22   respond to the Court's First Screening Order. Plaintiff should carefully review the screening order

23   as it identifies the deficiencies in Plaintiff's original complaint and the legal standards applicable

24   to the claims Plaintiff seeks to assert in this action.

25             Plaintiff's Request for the Appointment of Counsel

26         Plaintiff asks this Court to appoint counsel to represent him in this action. (Doc. 9 at 2.)

27   Plaintiff identifies two other he has filed, and that are now pending, in this Court: (1) case number

28   1:22-cv-01209 and (2) case number 1:22-cv-00436. (*Id.* at 3.) He asks the Court to appoint

counsel because his is incarcerated, is not knowledgeable in the law, and would be better served by the assistance of an attorney. (*Id*. at 2-6.)

To the extent Plaintiff asks the Court to appoint him counsel in other actions assigned to other judges in this Court, the Court will not do so.[1] The Court will consider Plaintiff's request only as it pertains to *this* action.

*Legal Standards & Analysis*

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Since the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. Here, Plaintiff's complaint was screened, and the Court determined it failed to state a claim upon which relief could be granted. (*See* Doc. 6.) At this stage of the proceedings, the Court cannot evaluate the likelihood of Plaintiff's success on the merits. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for

---

[1] Plaintiff must file any request or motion for the appointment of counsel in each case he seeks such assistance. The judges assigned to those other cases will decide any such request or motion.

3

1   the Court is to consider factual allegations to be true for purposes of screening"); *Scally v.*

2   *Velasquez*, No. 22-CV-140 JLS (MDD), 2022 WL 3325916, at \*6 (S.D. Cal. Aug. 11, 2022)

3   ("Because Defendants have yet to respond to the Amended Complaint, a determination regarding

4   the likelihood of success on the merits or Scally's ability to prosecute this matter is premature").

5           The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of

6   the complexity of the legal issues involved. Here, while the Court found Plaintiff had failed to

7   state a claim upon which relief can be granted (*see* Doc. 6), the Eighth Amendment medical

8   claims Plaintiff intended to present are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th

9   Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the

10  issues in this case "so complex that due process violations will occur absent the presence of

11  counsel"); *Maldonado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at \*3

12  (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs

13  claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300,

14  at \*1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to

15  Plaintiff's serious medical needs … is not complex"); *Ireland v. Solano County Jail*, No. CV-08-

16  2707-LRS, 2010 WL 367776, at \*1 (E.D. Cal. Jan. 26, 2010) (same). Therefore, at this stage of

17  the proceedings, the Court finds Plaintiff able to articulate his claims in light of their

18  complexity.

19          Next, neither incarceration nor indigency are exceptional circumstances warranting the

20  appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL

21  477982, at \*1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's

22  challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's

23  incarceration was an exceptional circumstance, any prisoner would be entitled to counsel");

24  *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at \*1 (E.D. Cal. Jan. 25, 2022)

25  ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights

26  case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at \*2 (E.D. Cal. Jan.

27  25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success

28  on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694

4

1   JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) (same); *Montano v. Solomon*, No.

2   2:07-cv-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (same).

3         The fact that an attorney would be better prepared to litigate and try this action does not

4   amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113

5   F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied

6   appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly

7   in the realm of discovery and the securing of expert testimony"); *Courtney v. Kandel*, No. 2:18-

8   CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges

9   conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights

10   claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No.

11   10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that

12   "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of

13   complex legal issues warranting a finding of exceptional circumstances"). Also, there is little

14   doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better

15   served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence

16   of counsel, federal courts employ procedures which are highly protective of a pro se litigant's

17   rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent

18   standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court

19   must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–*

20   *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal

21   construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258,

22   1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the

23   relative complexity of the matter, the "exceptional circumstances" which might require the

24   appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560

25   F.3d 965, 970 (9th Cir. 2009).

26         "Circumstances common to most prisoners, such as a deficient general education, lack of

27   knowledge of the law, mental illness and disability, do not in themselves establish exceptional

28   circumstances warranting appointment of voluntary civil counsel." *Jones v. Kuppinger*, No. 2:13-

cv-0451 WBS AC P, 2015 WL 5522290, at \*3-\*4 (E.D. Cal. Sept. 17, 2015). Nor, for example, is limited access to the law library an exceptional circumstance because limited law library access is a circumstance common to most prisoners. *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at \*3 (E.D. Cal. Oct. 12, 2023); *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at \*1 (E.D. Cal. Apr. 12, 2023); *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at \*2 (E.D. Cal., May 20, 2020).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel in this matter. *Rand*, 113 F.3d at 1525.

**III.    CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.  The Findings and Recommendations issued February 21, 2024 (Doc. 8) are **VACATED**;

2.  The Clerk of the Court is **DIRECTED** to send Plaintiff a copy of the First Screening Order (Doc. 6) as a one-time courtesy, as well as a blank civil rights complaint form;

3.  Plaintiff's request for an extension of time within which to respond to the Court's screening order (Doc. 9) is **GRANTED**. Plaintiff **SHALL** file either a first amended complaint or a notice of voluntary dismissal **within 21 days** of the date of service of this order; and

4.  Plaintiff request for the appointment of counsel is **DENIED**.

**Plaintiff is advised that a failure to comply with this order will result in a recommendation that this action be dismissed for a failure to obey court orders**.

IT IS SO ORDERED.

Dated:   **March 13, 2024**                         */s/ Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

6