UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN MEDICAL CENTER, et al.,<br><br>　　　　　Defendants. | 1:23-cv-01344-KES-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER CONCERNING THE RETURN OF SERVICE DOCUMENTS**<br><br>**14-DAY DEADLINE TO RESPOND** |

Plaintiff Charles Ellis is proceeding pro se and *in forma pauperis* in this civil rights action.

**I.    INTRODUCTION**

On July 25, 2025, the Court issued its Order Finding Service Appropriate. (Doc. 16.) Service was deemed appropriate for Defendants Hodge and Gonzalez. (*Id*. at 2.) Plaintiff was provided USM-285 forms, summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of his first amended complaint, and was directed to return the completed documents within 30 days. (*Id*. at 2-5.)

When the Court's order was returned by the United States Postal Service marked "Undeliverable," "Unable to ID," and "Vacant," the Clerk of the Court re-served the order to Plaintiff at Wasco State Prison on August 4, 2025. (*See* Docket entry dated 8/4/2025.) Although more than 30 days, plus time for mailing, have passed following re-service of the order, Plaintiff has failed to return the completed service documents to the Court.

1

## II. DISCUSSION

The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with the Court's July 25, 2025, order regarding service of process. Although more than 40 days have passed, Plaintiff has failed to timely return the completed service documents to the Court.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of July 25, 2025. Alternatively, within that same time, Plaintiff may return the completed service documents to the Court.

**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **September 16, 2025**             /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

2

3